The judgment appealed from is therefore affirmed, at plaintiffs' costs.

———

(103 So. 158)

No. 24922.

**BOUTTE v. MORGAN'S LOUISIANA & TEXAS R. & S. S. CO.**

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Railroads ⬥222(3)—Delaying fire apparatus by blocking crossing held not actionable.

A railroad is not liable for loss of a building by fire because crossing was temporarily blocked by freight train taking water, requiring fire apparatus to make detour and consequent delay of about three minutes.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Mrs. Aurore Boutte against Morgan's Louisiana & Texas Railroad & Steamship Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. Vuillemot, of New Iberia, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, and Weeks & Weeks, of New Iberia, for appellee.

O'NIELL, C. J. The plaintiff has appealed from a judgment rejecting her demand for damages for the loss of her house, destroyed by fire. Her allegation of fault or negligence on the part of the railroad company is that a freight train blocked several streets, crossing the railroad track, and delayed the fire apparatus on its way to the fire.

There is a conflict in the testimony as to whether the train had already blocked the crossings when the fire apparatus was on its way to the fire, or blocked the crossings after the fire apparatus had ample time to go to the fire. The district judge found a preponderance of the evidence in favor of the railroad company on that decisive question, and we see no reason for doubting that his conclusion was correct.

We agree with the district judge also in the statement, in his written opinion, that the railroad company would not be responsible for the loss of the plaintiff's building, if it did so happen that the fire engine or truck had to cross the railroad track during the few minutes that the freight train blocked the street crossings. The train stopped at a water tank for the necessary purpose of taking water. The stop was not longer than was necessary. The members of the train crew could not foresee, or guard against the coincidence, that firemen with their apparatus would want to cross the railroad track during the few minutes when the street crossings were blocked. The driver of the apparatus, who testified that the street crossings were blocked when he drove out of the engine house, admitted that he did not go to

the railroad track or request that the crossing should be opened. Believing, from his observation at a distance, that the crossings were blocked, he made a detour which lengthened his distance to the fire about nine blocks. That should not have delayed him more than three minutes, and it is extremely doubtful that a saving of so little time would have saved the burning building, or any part of it.

The judgment is affirmed, at appellant's cost.